J-S24012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAISIIA VASI PRIZHIMOVA | : | |
| | : | |
| Appellant | : | No. 838 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 8, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000003-2022

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.: **FILED: September 23, 2025**

Appellant Taisiia Vasi Prizhimova appeals[1] from the judgment of sentence imposed following her convictions for four counts of retail theft—alter label/pricing marking.[2] After careful review, we affirm on the basis of the trial court's opinion.

We adopt the trial court's summary of the facts underlying this case. **See** Trial Ct. Op., 9/13/24, at 1-6. Briefly, Appellant was charged with four

---

[1] We note that although the trial court initially imposed Appellant's sentence on February 26, 2024, the trial court subsequently issued an order amending its original sentencing order to correct a misspelling of Appellant's name. **See** Amended Order, 3/8/24; **see also Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (stating that where the trial court amends the judgment of sentence during the thirty-period it maintains jurisdiction pursuant to 42 Pa.C.S. § 5505, the direct appeal lies from the amended judgment of sentence). We have amended the caption accordingly.

[2] 18 Pa.C.S. § 3929(a)(2).

counts of retail theft[3] based on allegations that she made fraudulent returns to T.J. Maxx and received refunds for items that she did not originally purchase. *See id.* Following a non-jury trial, Appellant was convicted on all counts. *Id.* at 5-6. On February 26, 2024, the trial court imposed an aggregate sentence of six months of probation and ordered to pay $647.75 in restitution to TJX Companies. *See id.* at 6.

Appellant filed a post-sentence motion, which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for our review: "Appellant wishes to challenge the sufficiency of evidence presented at the non-jury trial." Appellant's Brief at 5. In support, Appellant argues that "the Commonwealth failed to produce sufficient evidence regarding retail theft by failing to produce sufficient evidence that [Appellant] personally altered, transferred, or removed any label, price tag marking, indicia of value or any other markings that aided in determining value affixed to any merchandise." *Id.* at 8.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to

---

[3] 18 Pa.C.S. § 3929(a)(1).

the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Wright*, 255 A.3d 542, 552 (Pa. Super. 2021) (citation omitted and formatting altered). "Importantly, the fact finder, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Id.* (citation omitted and formatting altered).

Pursuant to Section 3929(a)(2) of the Crimes Code, a person commits "retail theft" if she

alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of

depriving the merchant of the full retail value of such merchandise.

18 Pa.C.S. § 3929(a)(2).

Following our review of the record, the parties' briefs, and relevant legal authority, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., at 7-11. The trial court thoroughly addressed Appellant's sufficiency claim and concluded that she was not entitled to relief. *See id.* at 10-11. Specifically, the trial court noted that the there was "extensive direct and circumstantial evidence presented at trial" which "permitted [the trial court] to infer that [Appellant] altered the packing slips and tags which she possessed and used to obtain a benefit from TJX." *See id.* We discern no error in the trial court's conclusions. *See Wright*, 255 A.3d at 552. For these reasons, we affirm.[4]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/2025

---

[4] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

- 4 -